**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ANTHONY J. SIMMONS,

Plaintiff,

v.

AMAZON.COM SERVICES, LLC,

Defendant.

Civil Action No.

# COMPLAINT

Plaintiff Anthony J. Simmons, through his attorneys, files this Complaint against Defendant Amazon.com Services, LLC (Amazon) and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an employment discrimination and retaliation action under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. Section 1981.

2. Plaintiff, who is African-American, worked for Defendant as a Reliability Maintenance Robotics Engineer from December 4, 2023 until Defendant fired him on July 16, 2025. During his employment, Defendant gave overtime to white and Hispanic employees instead of him and ignored his complaints about race-based harassment. After he complained, Defendant subjected him to retaliatory discipline and then fired him based on false accusations of misconduct.

## II. PARTIES

3. Plaintiff Anthony J. Simmons is an adult individual residing in Philadelphia, Pennsylvania 19140.

4. Defendant Amazon is an employer that maintains a facility at 2455 Boulevard of Generals, Norristown, Pennsylvania 19403, where it employed Plaintiff.

5. At all relevant times, Defendant was an "employer" within the meaning of Title VII, employing fifteen or more employees for each working day in twenty or more calendar weeks in the current or preceding calendar year.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. 1331 because Plaintiff's claims arise under federal law, namely Title VII and 42 U.S.C. Section 1981.

7. Venue is proper in this District because the employment practices complained of happened at Defendant's Norristown, Pennsylvania facility in Montgomery County, which is within the Eastern District of Pennsylvania. Plaintiff also lives in this District.

## IV. ADMINISTRATIVE EXHAUSTION

8. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), dual-filed with the Philadelphia Commission on Human Relations, Charge No. 530-2026-00566. Plaintiff signed the Charge on March 9, 2026.

9. The Charge alleged discrimination based on race and retaliation, occurring from June 24, 2024 through July 16, 2025.

10. On August 10, 2026, the EEOC issued a Determination and Notice of Rights to Plaintiff. The EEOC made no determination on the merits and stated that this "does not mean the claims have no merit." The EEOC dismissed the Charge and notified Plaintiff of his right to sue.

11. Plaintiff files this Complaint within 90 days of receiving the Notice of Right to Sue. All administrative conditions precedent to his Title VII claims have been satisfied.

12. Claims under 42 U.S.C. Section 1981 do not require administrative exhaustion.

## V. FACTUAL ALLEGATIONS

**A. Plaintiff's Employment**

13. Plaintiff is African-American.

14. Defendant hired Plaintiff on December 4, 2023, as a Reliability Maintenance Robotics Engineer. In that role, Plaintiff performed preventive maintenance on printers and dryers.

15. Plaintiff was qualified for his position and performed his job duties satisfactorily.

**B. Unequal Distribution of Overtime**

16. Between June 2024 and May 2025, overtime opportunities were not distributed equally. White and Hispanic employees received overtime that Plaintiff did not.

17. Between June 2024 and May 2025, Plaintiff complained many times about the unequal distribution of overtime, including to Defendant's Ethics Line, because the overtime assignments favored white and Hispanic employees over him.

18. After Plaintiff complained, Defendant changed its overtime procedure to a first-come, first-served system announced through a phone application, which gave all employees an equal chance to request overtime. The change confirmed that the earlier system was unequal.

**C. Race-Based Harassment**

19. Nicholas Benington, a white coworker, called Plaintiff "boy" on numerous occasions. Benington also called another coworker a "monkey."

20. Plaintiff reported Benington's conduct to Michael Murphy and Cynthia Colon in Human Resources. Defendant ignored those complaints.

21. In or around August 2024, Ms. Colon told Plaintiff not to come to her with any more complaints.

**D. Retaliation by Plaintiff's Supervisor**

22. Plaintiff's supervisor, Royden Pierson, repeatedly ignored Plaintiff's requests for clarification and then wrote Plaintiff up about the very matters on which he had asked for guidance.

23. Plaintiff raised these concerns during counseling meetings attended by Mr. Pierson and Ms. Colon. His concerns were again ignored.

**E. False Accusations and Termination**

24. On June 4, 2025, Ms. Colon called Plaintiff into her office. She told him that Tom Lupicaino, Brando Baker, and John Maddon had accused him of calling them "bitch" and of getting into a screaming match with Mr. Lupicaino in the parking lot.

25. The allegations were false. During the investigation, Plaintiff explained that he had said "big men," not "bitches."

26. On July 16, 2025, Defendant fired Plaintiff based on the alleged incident.

27. Even if the alleged conduct had happened, it would have been only a Level 2 offense under Defendant's standards. Defendant ordinarily responds to a Level 2 offense with corrective action or training, not termination.

28. Defendant departed from its own disciplinary standards when it fired Plaintiff. Its stated reason was pretext for race discrimination and retaliation.

29. Defendant fired Plaintiff about six weeks after the June 4, 2025 accusation. The firing came after Plaintiff had complained for about a year about racially unequal overtime and race-based harassment.

30. After Plaintiff complained of race discrimination, Defendant subjected him to retaliatory harassment, including being ignored, written up, and targeted with frivolous complaints, culminating in his discharge.

31. Because of Defendant's conduct, Plaintiff has suffered lost wages, lost benefits, emotional distress, humiliation, inconvenience, and other damages.

32. Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights.

## COUNT I
## RACE DISCRIMINATION UNDER TITLE VII

33. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

34. Plaintiff is a member of a protected class based on his race (African-American).

35. Plaintiff was qualified for his position.

36. Defendant subjected Plaintiff to adverse employment actions, including denial of overtime opportunities, discipline, and termination. It also subjected him to a hostile work environment based on race.

37. Defendant treated Plaintiff less favorably than similarly situated white and Hispanic employees.

38. The racial harassment Plaintiff experienced, including being called "boy" many times, was severe or pervasive and changed the conditions of his employment. Defendant knew of the harassment through Plaintiff's complaints and failed to take prompt and appropriate corrective action.

39. Race was a motivating factor in Defendant's actions. Defendant's stated reasons are false and pretextual.

40. As a direct and proximate result, Plaintiff has suffered the damages described above.

**COUNT II**
**RETALIATION UNDER TITLE VII**

41. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

42. Plaintiff engaged in protected activity when he complained to Defendant's Ethics Line about racially unequal overtime and complained to Human Resources about race-based harassment.

43. Defendant knew of Plaintiff's protected activity.

44. Defendant then took materially adverse actions against Plaintiff, including:

- telling him to stop bringing complaints;
- issuing retaliatory write-ups;
- relying on false misconduct accusations; and
- firing him.

45. There is a causal connection between Plaintiff's protected activity and the adverse actions. The connection is shown by the timing, the ongoing hostility after his complaints, and Defendant's departure from its own disciplinary standards.

46. Defendant's stated reasons are false and pretextual.

47. As a direct and proximate result, Plaintiff has suffered the damages described above.

**COUNT III**
**RACE DISCRIMINATION UNDER 42 U.S.C. SECTION 1981**

48. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

49. Plaintiff's employment with Defendant was a contractual relationship protected by 42 U.S.C. Section 1981.

50. Defendant intentionally discriminated against Plaintiff because of his race in the making, performance, modification, and termination of that relationship, and in its benefits, privileges, terms, and conditions. This includes denying him overtime, subjecting him to a racially hostile work environment, disciplining him, and firing him.

51. But for Plaintiff's race, Defendant would not have taken these actions.

52. As a direct and proximate result, Plaintiff has suffered the damages described above.

## VI. JURY DEMAND

53. Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anthony J. Simmons respectfully requests that this Court enter judgment in his favor and against Defendant Amazon, and award the following relief:

A. A declaration that Defendant violated Plaintiff's rights under Title VII and 42 U.S.C. Section 1981;

B. Back pay, lost benefits, and other economic damages;

C. Reinstatement or, if reinstatement is not feasible, front pay;

D. Compensatory damages for emotional distress, humiliation, inconvenience, and other non-economic harms;

E. Punitive damages;

F. Pre-judgment and post-judgment interest;

G. Reasonable attorneys' fees and costs; and

H. Such other relief as the Court deems just and proper.

Dated: November __, 2026

Respectfully submitted,

PAUL LAW OFFICES

/s/ Gregory G. Paul
GREGORY G. PAUL, ESQUIRE
PA ID Number: 83334
960 Penn Avenue
Suite 1001
Pittsburgh, PA 15222
gregpaul@paullaw.com
(412) 259-8375
(888) 822-9421(facsimile)

Attorneys for Plaintiff